UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

PIONEER NAVIGATION LTD.,

                        Plaintiff,

            - against –                          08 Civ. 10490 (JGK)

                                                 <u>MEMORANDUM OPINION</u>
STX PAN OCEAN (U.K.) CO., LTD.,                  <u>AND ORDER</u>

                        Defendant.
────────────────────────────────────────

JOHN G. KOELTL, District Judge:

        The defendant, STX Pan Ocean (U.K.) Co., Ltd. (the
"defendant"), moves pursuant to Rule E(4)(f) of the Supplemental
Rules for Certain Admiralty and Maritime Claims, and Local
Admiralty Rule B.2, to vacate an order of maritime attachment
issued by this Court on December 3, 2008.  On that date, the
plaintiff, Pioneer Navigation Ltd. (the "plaintiff"), filed a
verified complaint against the defendant, alleging a breach of
charter party obligations claim in the amount of $2,030,269.27
and seeking an ex parte order of attachment in aid of a London
arbitration (the "Verified Complaint").  Among other
allegations, the plaintiff asserted in the Verified Complaint
that the defendant could not be found within this District
within the meaning of Supplemental Rule B because the defendant
had neither a jurisdictional presence nor a registered agent for
service of process in the District.

In support of these claims, the plaintiff submitted an attorney affidavit, dated Dec. 3, 2008 ("Mele Declaration"), claiming that the defendant's registration to do business as a foreign corporation in New York was insufficient to have a jurisdictional presence in the District and that the defendant had not appointed a legally valid registered agent for service of process within the District.  On October 30, 2008, the defendant filed an Application for Authority with the New York Division of Corporations ("Application for Authority"), which provides:

> Patrick F. Lennon, a natural person having a business address at Lennon, Murphy & Lennon, LLC, The GrayBar Building, 420 Lexington Avenue, Suite 300, New York, New York 10170 is hereby designated, pursuant to section 302 of the Limited Liability Company Law, as the registered agent in New York upon whom process against this limited liability company may be served.

(Mele Decl., Ex. A.)  The GrayBar Building, located at 420 Lexington Avenue, is an address within this District.  However, the Mele Declaration asserts:  "Mr. Lennon does not, upon information and belief, work or live in this District."  (Mele Decl. ¶ 6.)

The Court reviewed the Verified Complaint and the Mele Declaration and, after determining that the conditions of Rule B appeared to exist, entered an Order for Issuance of Process of Maritime Attachment and Garnishment against the assets of the defendant (the "Attachment Order").  However, the Court ordered

that service of a copy of all orders and all papers in support
of the application be made upon Mr. Lennon by December 5, 2008.
The defendant moved to vacate the Attachment Order on December
10, 2008, supplemented by the Affirmation of Patrick F. Lennon,
dated December 15, 2008 ("Lennon Affirmation").  For the reasons
discussed below, the defendant's motion to vacate the order of
attachment is **granted**.

Under Supplemental Rule B, an attachment may issue only if
the plaintiff shows that the "defendant is not found within the
district."  See also Aqua Stoli Shipping Ltd. v. Gardner Smith
Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006).  The Court must
vacate an attachment if the plaintiff fails to sustain its
burden of demonstrating that this requirement is met.  Id.

The Court of Appeals for the Second Circuit applies a two-
pronged inquiry to determine whether a defendant is "found"
within the District:  "[f]irst, whether [the defendant] can be
found within the district in terms of jurisdiction, and second,
if so, whether it can be found for service of process."  Seawind
Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d
Cir. 1963).  The defendant argues that it meets both prongs of
the Seawind test because it is registered to do business with
the New York Division of Corporations and because it has
appointed a registered agent for service of process who has a
business address within the District.  The plaintiff, however,

3

contends that neither of these conditions is satisfied.  First, the plaintiff asserts that registering to do business as a foreign corporation in New York, without having an actual presence in the District, is not sufficient to establish a defendant's jurisdictional presence within this District. Second, the plaintiff contends that a registered agent for service of process must have an actual place of business within the District at which it can receive service of process and disputes whether Mr. Lennon actually conducts business at the location listed as his firm's business address in this District.

According to the plaintiff, there is a conflict in this Circuit as to whether registering to do business as a foreign corporation in New York, without having an actual presence in the District, satisfies the first prong of Seawind of having a jurisdictional presence within the District.  The plaintiff concedes that the weight of authority in this conflict is against it,[1] with the lone authority of Erne Shipping Inc. v. HBC Hamburg Bulk Carriers GMBH & Co., 409 F. Supp. 2d 427 (S.D.N.Y. 2006), supporting its position that such registration is not

---

[1] See, e.g., Glory Wealth Shipping Pte Ltd. v. Transfield ER Cape Ltd., 2008 WL 5082879, at *1 (S.D.N.Y. Nov. 25, 2008) (holding that registering to do business in the State is sufficient to establish a jurisdictional presence in the District); Daehan Shipping Co. Ltd. v. Farenco Shipping Co., Ltd., No. 08 Civ. 10060, 2008 WL 5068952, at *1 (S.D.N.Y. Nov. 24, 2008) (same); Stolt Tankers B.V. v. Geonet Ethanol, LLC, No. 08 Civ. 4382, 2008 WL 4829944, at *4 (S.D.N.Y. Nov. 6, 2008) (same); Marimed Shipping Inc. v. Persian Gulf Shipping Co. Inc., 567 F. Supp. 2d 524, 527-29 (S.D.N.Y. 2008) (same); Minmetals Shipping & Forwarding Co. Ltd. v. HBC Hamburg Bulk Carriers, GmbH & Co. KG, No. 08 Civ. 3533, 2008 WL 2518709, at *2 (S.D.N.Y. June 24, 2008) (same).

sufficient.  However, the plaintiff also points out that several of the cases that have held that registering to do business in New York is sufficient to be subject to jurisdiction in the District are currently on appeal to the Second Circuit,[2] and asks this Court to adopt the reasoning of Erne Shipping.  For the reasons persuasively set forth by several other courts in this District,[3] this Court declines to do so and finds that the defendant's registration to do business in New York is sufficient to satisfy the first prong of Seawind.

The plaintiff also asserts that Mr. Lennon is not a valid registered agent for service of process within the District because, upon the plaintiff's information and belief, he does not actually conduct any business at 420 Lexington Avenue, the address listed on the defendant's Application for Authority. New York Civil Practice Law and Rules § 311-a provides that service of process on a foreign limited liability company may be made, among other methods, by delivering a copy personally to a person designated by the limited liability company to receive process, "in the manner provided by law for service of a summons

_____

[2] See, e.g., Marimed Shipping, 567 F. Supp. 2d 524, appeal docketed, No. 08-3453-cv (2d Cir. July 11, 2008);  Carolina Shipping Ltd. v. Renaissance Ins. Group Ltd., No. 08 Civ. 4711, Order dated June 10, 2008, appeal docketed, No. 08-3142-cv (2d Cir. June 24, 2008); Centauri Shipping Ltd. v. W. Bulk Carriers KS, 528 F. Supp. 2d 186 (S.D.N.Y. 2007), appeal docketed, No. 07-4193-cv (2d Cir. Sept. 18, 2007).

[3] See, e.g., Glory Wealth Shipping, 2008 WL 5082879, at *1 (questioning Erne Shipping and noting that no other courts in this District have elected to follow it); Daehan Shipping, 2008 WL 5068952, at *1 (same); Stolt Tankers, 2008 WL 4829944, at *4 (same); Marimed Shipping, 567 F. Supp. 2d at 527-29 (same); Minmetals Shipping & Forwarding, 2008 WL 2518709, at *2-4.

as if such person was a defendant."  Service of process upon a
limited liability company may also be made pursuant to Article
Three of the New York Limited Liability Company Law.  New York
Limited Liability Company Law § 302 provides, in pertinent part,
that an authorized foreign limited liability company may
designate "a natural person who is a resident of this state or
has a business address in this state" as a registered agent who
may receive service of process on behalf of the limited
liability company.  N.Y. Ltd. Liab. Co. Law § 302(b)(1).

    The plaintiff argues that Mr. Lennon, as a natural person,
must have an "actual place of business" within the meaning of
New York Civil Practice Law and Rules § 308 in order to be a
proper registered agent for service of process.  See N.Y.
C.P.L.R. § 308(2).  The term "actual place of business" is used
in § 308(2) to describe where service can be made on a natural
person, when combined with other notice.  However, § 308 also
provides for other methods of service, including "delivering the
summons within the state to the person to be served."  N.Y.
C.P.L.R. § 308(1).  Furthermore, § 308 provides that "[f]or
purposes of this section, 'actual place of business' shall
include any location that the defendant, through regular
solicitation or advertisement, has held out as its place of
business."  N.Y. C.P.L.R. § 308(6).

The plaintiff's arguments are without merit.  First, all that New York Limited Liability Company Law § 302 requires is that the defendant have a business address in the District.  Mr. Lennon's affirmation represents that 420 Lexington Avenue is the address for his law firm's office in Manhattan, that it is a business address, that he regularly receives business mail at that address, and that he has listed that address as his address of record in a number of cases before this Court.  (Lennon Aff. ¶ 1, 7, 9, 10.)  Moreover, that is an address at which he is frequently found, in no small part due to the 103 cases he currently has pending in this District, and the plaintiff could have effected personal service on Mr. Lennon at that address.  Furthermore, even if the defendant were required to show that its appointed agent for service of process actually conducts business at a location within the District, Mr. Lennon has stated that he attends depositions, mediations, arbitrations, client meetings, and engages in other work activities at his New York office at 420 Lexington Avenue.  (Lennon Aff. ¶ 11.)

It is plain that Mr. Lennon fully qualifies as a registered agent for service of process in this District and that the defendant satisfies the second prong of the Seawind test.  Therefore, because the defendant has both a jurisdictional presence and a registered agent for service of process within the District, the defendant is "found" within the District

within the meaning of Rule B, and the attachment must be vacated.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed they are either moot or without merit. Therefore, the defendant's motion to vacate the attachment is granted.

SO ORDERED.

Dated:    New York, New York
          December 18, 2008

John G. Koeltl
United States District Judge